**Donnie MOORE, Petitioner–Appellant,**

v.

**Al PARKE, Warden, et al.,
Respondents–Appellees.**

**No. 87–5690.**

United States Court of Appeals,
Sixth Circuit.

Argued March 3, 1988.
Decided May 18, 1988.

Lowell Ed Spencer (argued), Paintsville, Ky., for petitioner-appellant.

David Armstrong, Atty. Gen. of Kentucky, Frankfort, Ky., Joseph R. Johnson (argued), for respondents-appellees.

Before ENGEL, Chief Judge,[*] MERRITT and KRUPANSKY, Circuit Judges.

MERRITT, Circuit Judge.

In this habeas corpus case from Kentucky attacking the sufficiency of the State's evidence under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the petitioners were indicted, charged under a Bill of Particulars, and convicted in the Circuit Court of Johnson County, Kentucky, for the offense of murder "by breaking his [the victim's] neck with the apparent use of a chain." App. 3. The trial judge charged the jury that "you will find the defendants ... guilty ... if, *and only if,* you believe from the evidence beyond a reasonable doubt ... that in Martin County on or about the 8[th] day of April, 1985 ... they [the defendants] killed Jack Frye by breaking his neck with a chain." Tr. Vol. III, 299 (emphasis added). Counsel for the State at oral argument on March 3, 1988, upon questioning, expressly conceded that the offense that the State was required to prove was murder using a chain around the neck of the victim, Jack Frye, and that the record does not disclose a motive for the alleged crime.

██ Justice Potter Stewart, speaking for the Court in *Jackson v. Virginia, supra,* at 319, 99 S.Ct. at 2789, held that the constitutional issue in sufficiency of the evidence cases under the Due Process Clause is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Our search of the record has uncovered no evidence from which a rational jury could find that the victim was murdered "by breaking his neck with a chain." No chain was found, and no witness testified concerning the possibility that a chain around the neck was used, except Dr. George R. Nichols, the examining forensic pathologist, who testified that death was due to "ligature compressive injury to the neck" (Tr. Vol. I, 72), which could have been caused "by an accident" and "without intent," or by a "massive crushing injury" caused by the falling of a part of the bed of a coal dump truck on the victim's neck and upper body (the petitioners' theory of the case), or by a massive mechanical force on a chain around the victim's neck. Tr. Vol. I, 68–69. On the question of whether a chain was used, Dr. Nichols testified as follows:

Q. Okay then, be quite frank with this jury. You cannot testify or your [sic] not testifying here that you know that any chain was used, is that correct?

A. Thats [sic] correct sir, I never made a diagnosis of that.

Q. You didn't? Thats [sic], you didn't make any diagnosis or that a chain was used?

A. I don't believe that that is contained in any of my seven pages in my report, and I believe the question about that particular instrument a chain, was from the prosecutor. That was not what I said.

Q. Your [sic] correct Doctor, its [sic] not in any portion of your report. It did come from the prosecutor. But you made no final impression, diagnosis, or anything that a chain was used to kill this man did you?

A. What I said was that the death in this case was due to ligature compressive injury to the neck.

---

[*] The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

Q. You don't know exactly how that was accomplished, by meaning, what was used if anything, is that correct?

A. Well thats [sic] correct, further I will tell you that I have never seen an injury pattern like this in the since 1972 when I graduated from medical school.

*Id.* at 71–72.

In light of the offense charged against the defendants, the instruction to the jury and the State's concession that the prosecution had to prove that the defendants murdered the victim using a chain around the neck, we are constrained to hold that there is no proof in this case from which a rational jury could so find beyond a reasonable doubt. This theory of murder is entirely speculative, and this record does not provide a sufficient factual basis for the jury's verdict under the standard of *Jackson v. Virginia, supra.*

Accordingly, the judgment of the District Court is reversed. The Writ of Habeas Corpus is issued. The defendants are hereby ordered to release the petitioners from custody immediately.

ENGEL, Chief Judge, dissenting.

The question here of the sufficiency of the record as a whole, under the standards of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is extremely close. The parties can know with confidence that each judge on this panel has examined the entire record, thus carrying out the duties imposed under *Jackson.* I simply reach a different conclusion on the legal question whether any rational jury could have found the elements of Kentucky's crime of murder to have been established beyond a reasonable doubt and upon the evidence which was presented to the Kentucky jury here, when viewed, with the inferences, in the light most favorable to the prosecution.

I therefore respectfully dissent.